NO. 07-06-0489-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

JULY 23, 2007

______________________________

JACOB GROSS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 110
TH
 DISTRICT COURT OF FLOYD COUNTY;

NO. 4137; HONORABLE WILLIAM P. SMITH, JUDGE

_______________________________

BEFORE THE COURT EN BANC

OPINION

Appellant, Jacob Gross, seeks to appeal an order recouping court appointed attorney fees and court costs from appellant’s inmate trust fund account.  We find that the order being appealed is a non-appealable order and dismiss for want of jurisdiction.

Background 

Appellant was found guilty of aggravated assault by a jury and sentenced to thirty five years (35) in the Institutional Division of the Texas Department of Criminal Justice (Department).  On October 16, 2003, the trial court signed the written judgment placing appellant into custody to serve his sentence; also contained in the judgment, appellant was ordered to pay $298 in court costs and $1,960 in court appointed attorney fees. 

On November 8, 2006, the trial court signed its withdrawal order notifying the Department that appellant had been assessed court costs and attorney fees totalling $2,258 in this cause and ordering the Department to withdraw money from the trust account of appellant in accordance with section 501.014 of the Texas Government Code.

On December 21, 2006, appellant filed a notice of appeal accompanied by a motion for extension of time to file notice of appeal.
(footnote: 1)  Appellant further notified the court that he was proceeding 
pro se
 and filed his brief on March 5, 2007.  The State did not file an appellee’s brief.  Appellant appeals from the order to the Department withdrawing money from his inmate trust account contending that the order which was issued without notice violates state law and due process.

Jurisdiction
 

Because of different concerns raised by civil and criminal appeals, we must first determine the nature of the case.  
See
 
Crawford v. State
, No. 10-06-00269-CR, 2007 WL 1374500, at *1 (Tex.App.–Waco May 9, 2007, no pet. h.) (Gray, C.J. dissenting).  The nature of the order withdrawing money from an inmate trust account has recently been addressed by two other courts of appeals.  
See
 
Crawford
, 2007 WL 1374500; 
Abdullah v. State
, 211 S.W.3d 938 (Tex.App.–Texarkana 2007, no pet.).  The trial court’s order seeking recoupment of court appointed attorney fees and court costs is authorized by section 501.014(e) of the Texas Government Code.  
See
 
Tex. Gov’t Code Ann.
 § 501.014(e) (Vernon 2004).   In 
Abdullah
, the appellate court classified the order as a garnishment order and proceeded to place a burden on the trial court to abide by statutory requirements for garnishment orders.  
See
 
Abdullah
, 211 S.W.3d at 941.  The section under which the order was issued does not reference such requirements.
(footnote: 2)  By doing so, our sister court is making the determination that the case is civil in nature; we respectfully disagree with our sister court’s determination.

A nonindigent defendant is required to pay for counsel.  To require an indigent to reimburse the county, to the extent he is able, for the expense of furnished counsel tends to put indigents and nonindigents on the same basis and is consistent with due process.  
See
  
Curry v. Wilson
, 853 S.W.2d 40, 45-46 (Tex.Crim.App. 1993).   The State of Texas provides an important service in providing legal services to those indigent citizens who cannot afford to pay for their own defense.  
Id
. at 46.  Because of this service provided to indigents, the State has a significant interest in assuring that persons with financial resources pay for their own representation and do not take a free ride at the expense of its taxpayers.  
See
 
id
.   Thus, it is not an inherent violation of due process for the State to take reasonable steps to collect on expenditures made on behalf of those who have the ability to off-set the State expenses.  
Id
.  Unlike the situation in 
Abdullah
, appellant was assessed court costs and attorney fees at the conclusion of trial.  The reimbursement of the expenses incurred by the taxpayers were incorporated into the judgment which was signed by the trial court on October 16, 2003.  By virtue of the inclusion of these fees in the judgment, appellant had notice that he would be required to pay court costs and attorney fees.  Hence, we conclude that the issue of recoupment of attorney fees is closely related to the criminal case.  
See
 
Tex.  Code Crim. Proc. Ann.
 art. 26.05(g) (Vernon Supp. 2006); 
Curry
, 853 S.W.2d 40, 43 (Tex.Crim.App. 1993) (dispute over a district judge’s authority to enforce order recouping attorney fees is a criminal law matter).  Therefore, to determine if this court has jurisdiction, we look to our authority in criminal matters to determine how we have jurisdiction to review the trial court’s order withdrawing funds from appellant’s inmate trust account.

A threshold question in any case is whether the court has jurisdiction over the pending controversy.  
See
 
State v. Roberts
, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996) 
overruled on other grounds by
 
State v. Medrano
, 67 S.W.3d 892 (Tex.Crim.App. 2002).  Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision.  
See
 
id
.  The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized.  
See
 
Galitz v. State
, 617 S.W.2d 949,  951 (Tex.Crim.App. 1981).  
 A 
court has jurisdiction to determine whether it has jurisdiction.  
Roberts
, 940 S.W.2d at 657; 
Olivo v. State
, 918 S.W.2d 519, 523  (Tex.Crim.App. 1996).  Courts will address the question of jurisdiction 
sua sponte
.  
Roberts
, 940 S.W.2d at 657.  For, unless a court has jurisdiction over a matter, its actions in the matter are without validity.  
Roberts
, 940 S.W.2d at 657 n.2.  

In a criminal case, appeal is perfected by timely filing a notice of appeal.  
Tex. R. App. P.
 25.2(a).  An untimely notice of appeal fails to invoke the jurisdiction of the appellate court
.  
See
 
Olivo
, 918 S.W.2d at 523
.  The appellate court then has no jurisdiction over the appeal and must dismiss the matter.  
Id
.
  To appeal a criminal matter, the notice of appeal must be filed within 30 days after the trial court enters an appealable order.
  Tex. R. App. P. 
26.2.   The only appealable order in this case is the 2003 judgment that included the assessment of the court costs.
(footnote: 3)  Since appellant’s notice of appeal is more than 30 days after the date of the judgment, we conclude that the notice is untimely.  We have not found authority allowing us to review a withdrawal order issued under section 501.014(e) of the Texas Government Code.

Therefore, we conclude that we must dismiss the appeal for want of jurisdiction. 

Mackey K. Hancock

Justice

Publish.

FOOTNOTES
1: For purposes of this opinion, we grant appellant’s motion for extension of time to file notice of appeal and we find that said notice of appeal would have been timely if the withdrawal order were an appealable order.

2: 
In interpreting statutes, our focus is on the literal text of the statute in an effort to discern the fair objective meaning.  
See
 
Hernandez v. State
, 861 S.W.2d 908, 909 (Tex.Crim.App. 1993).  
"[T]he Legislature is constitutionally entitled to expect that the Judiciary will faithfully follow the specific text that was adopted."   
Id
. (quoting 
Boykin v. State
, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991).  If the Legislature had wanted additional safeguards and procedures in the process of recouping court costs and fees, they could have done so.  
Compare
 
Tex. Gov’t Code Ann.
 §§ 500.002 (Vernon 2004) (requiring Department to establish procedures protecting due process rights of inmate against withdrawal of funds from inmate trust account for property damage) 
and
 501.063 ( requiring Department to establish procedures informing inmate that medical copay will be deducted from inmate trust account) 
with
 501.014.

3:
The appellate court in 
Abudullah
 questioned the finality of the assessment of costs within the judgment because the judgment did not contain an assessment of court costs though the trial court later issued an order seeking $1,517.25 from the inmate’s trust account as reimbursement.  
See
 
Abdullah
, 211 S.W.3d at 940.  In the case before us, the judgment does in fact contain an assessment of court costs and attorney fees equal to the amount sought by the order withdrawing funds from appellant’s inmate trust account.