NO. 07-06-0469-CR


 07-06-0470-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 13, 2007


______________________________



WALTER EARL HARRELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 4252, 4983; HONORABLE KELLY G. MOORE, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Walter Earl Harrell, seeks to appeal orders recouping court appointed
attorney fees and court costs from appellant's inmate trust fund account. We find that the
orders being appealed are non-appealable orders and dismiss for want of jurisdiction.

 On August 19, 1997, appellant was convicted and placed on community supervision
for possession with intent to deliver a controlled substance, cocaine. On February 22,
2000, appellant's community supervision was revoked and appellant was sentenced to 10
years confinement in the Institutional Division of the Texas Department of Criminal Justice
and ordered to pay $200 in attorney fees. 

 On July 9, 2003, appellant pled guilty to the offense of possession of a controlled
substance, cocaine. Appellant was sentenced to 18 years confinement in the Institutional
Division of the Texas Department of Criminal Justice and ordered to pay $248 in court
costs and $300 in attorney fees. 

 On October 27, 2006, the trial court signed two withdrawal orders notifying the
Department that appellant had been assessed court costs and attorney fees totaling $200
in the first cause and $548 dollars in the second cause. The two withdrawal orders to the
Texas Department of Criminal Justice ordered the Department to withdraw money from the
trust account of appellant in accordance with section 501.014 of the Texas Government
Code.

 On November 18, 2006, appellant filed notice of appeal in each case complaining
of the October 27th withdrawal order. On November 27, appellant filed, in the trial court,
a Motion to Rescind Order requesting the trial court to rescind its withdrawal order. On
February 20, 2007, appellant requested a preparation of the clerk's record requesting
documents of the original proceedings including the plea agreements, judgments of guilt,
and trial docket sheets, as well as the reporter's record of the plea and sentencing
proceedings. Appellant also requested all pleadings, documents, and transcription of any
hearing relevant to the court's withdrawal orders. The trial court denied the Motion to
Rescind and the request for preparation of the record. Since appellant was not appealing
the judgment or sentence, the trial court held that appellant was not entitled to a free
record of those proceedings. The trial court further stated that no hearing was held on the
withdrawal orders and, therefore, no reporter's record exists regarding the withdrawal
order.

 We have found no authority giving us jurisdiction to review a withdrawal order issued
under section 501.014(e) of the Texas Government Code. See Gross v. State, No. 07-06-0489-CR, 2007 WL 2089365, at *2 (Tex.App.-Amarillo July 23, 2007, no pet. h.). (1)

 Therefore, we conclude that we must dismiss the appeal for want of jurisdiction. 

 

 Mackey K. Hancock

 Justice


Do not publish. 
1. On April 9, appellant filed a motion for records in this cause requesting that the
clerk's record be provided to him. On April 30, appellant filed his brief with this court. On
July 9, he filed another motion for the clerk's records seeking that we order the trial court
to produce the clerk's records. Appellant also filed a motion for appellee's brief; however,
the State did not file a brief in this matter. Having found that this court does not have
jurisdiction, we do not have the power to act on appellant's motions before this court. See
Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). 





ENTER>


Before QUINN and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 I concur in the court's denial of relators' petition. In my opinion, relators have not
demonstrated the trial court's order reflects a clear abuse of its discretion based on the record
presented. In re Alford Chevrolet-Geo, 997 S.W.2d 175 (Tex. 1999); Walker v. Packer, 827
S.W.2d 833 (Tex. 1992). 



 James T. Campbell

 Justice