NO.   07-06-0469-CR
07-06-0470-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 13, 2007
_____

WALTER EARL HARRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4252, 4983; HONORABLE KELLY G. MOORE, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant, Walter Earl Harrell, seeks to appeal orders recouping court appointed attorney fees and court costs from appellant's inmate trust fund account.  We find that the orders being appealed are non-appealable orders and dismiss for want of jurisdiction.

On August 19, 1997, appellant was convicted and placed on community supervision for possession with intent to deliver a controlled substance, cocaine.   On February 22, 2000, appellant's community supervision was revoked and appellant was sentenced to 10

years confinement in the Institutional Division of the Texas Department of Criminal Justice and ordered to pay $200 in attorney fees.

On July 9, 2003, appellant pled guilty to the offense of possession of a controlled substance, cocaine. Appellant was sentenced to 18 years confinement in the Institutional Division of the Texas Department of Criminal Justice and ordered to pay $248 in court costs and $300 in attorney fees.

On October 27, 2006, the trial court signed two withdrawal orders notifying the Department that appellant had been assessed court costs and attorney fees totaling $200 in the first cause and $548 dollars in the second cause. The two withdrawal orders to the Texas Department of Criminal Justice ordered the Department to withdraw money from the trust account of appellant in accordance with section 501.014 of the Texas Government Code.

On November 18, 2006, appellant filed notice of appeal in each case complaining of the October 27th withdrawal order. On November 27, appellant filed, in the trial court, a Motion to Rescind Order requesting the trial court to rescind its withdrawal order. On February 20, 2007, appellant requested a preparation of the clerk's record requesting documents of the original proceedings including the plea agreements, judgments of guilt, and trial docket sheets, as well as the reporter's record of the plea and sentencing proceedings. Appellant also requested all pleadings, documents, and transcription of any hearing relevant to the court's withdrawal orders. The trial court denied the Motion to Rescind and the request for preparation of the record. Since appellant was not appealing

the judgment or sentence, the trial court held that appellant was not entitled to a free record of those proceedings. The trial court further stated that no hearing was held on the withdrawal orders and, therefore, no reporter's record exists regarding the withdrawal order.

We have found no authority giving us jurisdiction to review a withdrawal order issued under section 501.014(e) of the Texas Government Code. See Gross v. State, No. 07-06-0489-CR, 2007 WL 2089365, at *2 (Tex.App.–Amarillo July 23, 2007, no pet. h.).[1]

Therefore, we conclude that we must dismiss the appeal for want of jurisdiction.

Mackey K. Hancock
Justice

Do not publish.

---

[1] On April 9, appellant filed a motion for records in this cause requesting that the clerk's record be provided to him. On April 30, appellant filed his brief with this court. On July 9, he filed another motion for the clerk's records seeking that we order the trial court to produce the clerk's records. Appellant also filed a motion for appellee's brief; however, the State did not file a brief in this matter. Having found that this court does not have jurisdiction, we do not have the power to act on appellant's motions before this court. See Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).