NO. 07-07-0329-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2007
_____

RODGER WAYNE MITCHELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. A3024-0506; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Rodger Wayne Mitchell attempts to appeal an order recouping a fine and court costs from his inmate trust account. Finding we are without jurisdiction because appellant's notice of appeal was untimely, we dismiss the attempted appeal.

On February 1, 2006, a jury found appellant guilty of burglary of a habitation. It assessed punishment at twenty years confinement in the Texas Department of Corrections Institutional Division and assessed a fine of $10,000. The trial court's judgment of that

date additionally taxed court costs of $273 against appellant. Appellant appealed the judgment, which this court affirmed by opinion of October 16, 2006.[1]

On August 28, 2006, the trial court signed a withdrawal order notifying the Department of Corrections of appellant's fine and court costs totaling $10,273 and ordering withdrawal by the Department of funds from appellant's inmate trust account according to section 501.014 of the Government Code. Tex. Gov't Code Ann. § 501.014 (Vernon 2004). The order specified delivery of a copy of the document to appellant. Also on August 28, the trial court signed a supplemental order directing the court clerk "assess costs, fees, and/or fines" against appellant pursuant to section 501.014 and send a certified copy of the order to the Department and appellant. Appellant states, in a document filed with this Court, that he learned of deductions from his inmate trust account on September 4, 2006, and received a copy of the supplemental order on October 5, 2006.

On May 23, 2007, appellant, acting *pro se*, filed a notice of appeal that, among other things, recited he filed no post-trial motions nor requested findings of fact and conclusions of law. Also on May 23, with no record on file in this Court, appellant, nevertheless, filed a brief under the heading "Restricted Appeal From Judgment." The substance of appellant's complaint is that the trial court's August 28, 2006, order of withdrawal deprived him of his property without due process of law.

---

[1] The trial court's judgment does not appear in the record currently before us. The judgment appears in the clerk's record filed in appellant's appeal from the judgment, in Cause No. 07-06-0056-CR. We take judicial notice of its terms. *See Turner v. State*, 733 S.W.2d 218, 223 (Tex.Crim.App. 1987) (appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly same parties); *Moore v. Zeller*, 153 S.W.3d 262, 264 (Tex.App.–Beaumont 2004, pet denied).

Because of the time expanse between the August 28, 2006, order and appellant's notice of appeal, we notified appellant that his notice of appeal appeared untimely. We abated the case on August 17, 2007, and granted appellant until September 19, 2007, to file any additional documents or materials he considered necessary for determination of our jurisdiction. Appellant responded with a letter brief of September 4, 2007, and a supplemental letter brief of September 6, 2007. We also received a clerk's record on September 21, 2007.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex.App.–Waco 2003, no pet.); *Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding. *In re A.L.B*, 56 S.W.3d at 652; *Slaton,* 981 S.W.2d at 210. Here, the order of which appellant complains was signed August 28, 2006. Because the deadline to perfect an appeal from that order was September 27, 2006, appellant's May 23, 2007, notice of appeal was untimely. Tex. R. App. P. 26.2 (stating that one must file a notice of appeal within 30 days of the date the final order is signed, unless that deadline has been extended by motion or rule of procedure). We must dismiss the appeal for want of jurisdiction.

Appellant's description of his appeal in his brief as a restricted appeal does not change our conclusion. A notice of restricted appeal must be filed within six months after the judgment or order appealed is signed. *See* Tex. R. App. P. 26.1(c). As noted,

3

appellant's notice was filed almost nine months after the trial court signed the order of withdrawal of which he complains.[2]

Accordingly, the appeal is dismissed.

James T. Campbell
Justice

---

[2] We note also that a restricted appeal is limited to civil matters. *See* Tex. R. App. P. 30. In *Gross v. State*, ___ S.W.3d ___, 2007 WL 2089365 (Tex.App.–Amarillo, July 23, 2007) (No. 07-06-0489-CR), we found that an appeal of a similar order directing withdrawal of funds from an inmate trust account was a criminal matter. *But see Abdullah v. State,* 211 S.W.3d 938 (Tex.App.–Texarkana 2007, no pet.) (treating appeal of similar order as civil appeal).