Christopher PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–07–00074–CR.

Court of Appeals of Texas,
Waco.

Dec. 5, 2007.

Christopher Phillips, Dilley, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

On March 12, 2007, Appellant Christopher Phillips filed a notice of appeal of the trial court's February 12, 2007 order that, in effect, garnishes funds from Phillips's inmate trust account to satisfy court costs from his September 27, 2002 conviction. *See* Tex. Gov't Code Ann. § 501.014(e) (Vernon 2004).

We notified Phillips that his appeal was subject to dismissal for want of jurisdiction because the February 12, 2007 order may not be an appealable order. *Compare Gross v. State,* —— S.W.3d ——, 2007 WL 2089365 (Tex.App.-Amarillo 2007, no pet. h.) (holding that appellate court lacked jurisdiction because order to withdraw money from inmate trust account was not appealable order) *with Abdullah v. State,* 211 S.W.3d 938 (Tex.App.-Texarkana 2007, no pet.) (treating appeal of similar order as civil appeal). Phillips has not filed a response, which we requested in our September 4, 2007 notice to him.

We agree with the Amarillo court's determination that this is a criminal case. *See Gross,* —— S.W.3d at ——, 2007 WL 2089365, at *1. The order being appealed is "closely connected" to the criminal case in which Phillips was convicted. *See Kutzner v. State,* 75 S.W.3d 427, 429 (Tex.Crim. App.2002); *Kelly v. State,* 151 S.W.3d 683, 685–86 (Tex.App.-Waco 2004, no pet.); *see also Curry v. Wilson,* 853 S.W.2d 40, 43 (Tex.Crim.App.1993). And we have jurisdiction in a criminal case only when expressly provided by law. *Kelly,* 151 S.W.3d at 685. No statute authorizes an appeal from an order under section 501.014(e). We thus lack jurisdiction. *Cf. In re Keeling,* 227 S.W.3d 391, 395 (Tex. App.-Waco 2007, orig. proceeding) (granting mandamus relief on similar order for payment of court costs out of inmate trust fund account).

This appeal is dismissed for want of jurisdiction.

Chief Justice GRAY concurs with a note.[*]

---

[*] "(Chief Justice Gray concurs in the judgment with the following note. This is a civil garnishment proceeding. Pure and simple. It was brought to recover court costs and fees from a criminal defendant's trust account, funds being held by the State. It would be the same if any third party was trying to garnish the appellant's funds, for example, to satisfy a money judgment from a civil proceeding. But I've been down this road before. *See In re Keeling,* 227 S.W.3d 391 (Tex. App.-Waco 2007, orig. proceeding) and *Crawford v. State,* 226 S.W.3d 688 (Tex.App.-Waco 2007, no pet.). I did not get the second vote I needed for a majority. I acknowledge the binding precedent on the issue. But this means the Court has been down this road before too. Thus, there is no basis to designate for publication as an opinion, a per curiam opinion, what should be an unpublished memorandum opinion. *See* Tex.R.App. P. 47.2(a), (b), and 47.4.)"