**Kenneth ZINK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–07–00026–CR.**

Court of Appeals of Texas,
Waco.

Dec. 5, 2007.

Kenneth Zink, Dilley, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

PER CURIAM.

On January 5, 2007, Appellant Kenneth Zink filed a notice of appeal of the trial court's December 6, 2006 order that, in effect, garnishes funds from Zink's inmate trust account to satisfy court costs from his December 3, 2002 conviction, which we affirmed on September 30, 2004. *See* Tex. Gov't Code Ann. § 501.014(e) (Vernon 2004).

We notified Zink that his appeal was subject to dismissal for want of jurisdiction because the December 6, 2006 order may not be an appealable order. *Compare Gross v. State,* —— S.W.3d ——, 2007 WL 2089365 (Tex.App.-Amarillo July 23, 2007, no pet. h.) (holding that appellate court lacked jurisdiction because order to withdraw money from inmate trust account was not appealable order) *with Abdullah v. State,* 211 S.W.3d 938 (Tex.App.-Texar- kana 2007, no pet.) (treating appeal of similar order as civil appeal). Zink has not filed a response, which we requested in our September 4, 2007 notice to him.

We agree with the Amarillo court's determination that this is a criminal case. *See Gross,* —— S.W.3d at ——, 2007 WL 2089365, at *1. The order being appealed is "closely connected" to the criminal case in which Zink was convicted. *See Kutzner v. State,* 75 S.W.3d 427, 429 (Tex.Crim.App. 2002); *Kelly v. State,* 151 S.W.3d 683, 685–86 (Tex.App.-Waco 2004, no pet.); *see also Curry v. Wilson,* 853 S.W.2d 40, 43 (Tex. Crim.App.1993). And we have jurisdiction in a criminal case only when expressly provided by law. *Kelly,* 151 S.W.3d at 685. No statute authorizes an appeal from an order under section 501.014(e). We thus lack jurisdiction. *Cf. In re Keeling,* 227 S.W.3d 391, 395 (Tex.App.-Waco 2007, orig. proceeding) (granting mandamus relief on similar order for payment of court costs out of inmate trust fund account).

This appeal is dismissed for want of jurisdiction.

Chief Justice GRAY concurs with a note.*

---

* ("Chief Justice Gray concurs in the judgment with the following note. This is a civil garnishment proceeding. Pure and simple. It was brought to recover court costs and fees from a criminal defendant's trust account, funds being held by the State. It would be the same if any third party was trying to garnish the appellant's funds, for example, to satisfy a money judgment from a civil proceeding. But I've been down this road before. *See In re Keeling,* 227 S.W.3d 391 (Tex. App.-Waco 2007, orig. proceeding) and *Crawford v. State* 226 S.W.3d 688 (Tex.App.-Waco 2007, no pet.). I did not get the second vote I needed for a majority. I acknowledge the binding precedent on the issue. But this means the Court has been down this road before too. Thus, there is no basis to designate for publication as an opinion, a per curiam opinion, what should be an unpublished memorandum opinion. *See* Tex.R.App. P. 47.2(a), (b), and 47.4.")