**In re Steven Frank GOAD.**

**No. 10–07–00331–CR.**

Court of Appeals of Texas, Waco.

Jan. 23, 2008.

Steven Frank Goad, Huntsville, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee/respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

Relator Steven Goad seeks a writ of mandamus compelling the trial court to set aside two apparently ex parte orders dated September 6, 2006 directing the Department of Criminal Justice to withdraw funds from Goad's inmate trust account for payment to the McLennan County District Clerk for court costs and fees incurred in connection with Goad's 2003 convictions in cause numbers 2002–1133–C and 2002–1134–C. *See* TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004). Respondent is the Judge of the 54th District Court of McLennan County. We will conditionally grant the relief requested.

According to Goad's petition, $582.70 has been removed from his inmate trust account and sent to McLennan County under the authority of the two orders. Goad filed a motion with the trial court requesting the trial court to rescind the two orders and to order the "garnished" funds returned to his inmate trust account. Respondent denied Goad's motion.

This Court has determined that an inmate must be provided procedural due process (*i.e.*, notice and a meaningful opportunity to be heard) before issuance of an order directing the withdrawal of funds from the inmate's trust account. *See In re Keeling*, 227 S.W.3d 391, 393–94 & n. 2 (Tex.App.-Waco 2007, orig. proceeding). "An order issued without due process is void." *Id.* at 395; *see also Abdullah v. State*, 211 S.W.3d 938, 943 (Tex.App.-Texarkana 2007, no pet.) (order removing funds from inmate's account did not afford procedural due process for inmate's property interest).

The State concedes in its response that it is assumed that Goad had no notice and was given no opportunity to be heard before the two orders were entered, that "*Keeling's* procedural due process mandates have not been met," and that the orders are thus void. *See id.*

Therefore, we conditionally grant the requested writ. The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has: (1) vacated the two September 6, 2006 orders directing the Department to withdraw funds from Goad's inmate trust account; and (2) ordered the return of any funds withdrawn pursuant to those orders.

Chief Justice GRAY concurs with a note.*

* (Chief Justice Gray concurs in the judgment solely due to the principle of stare decisis. He notes, however, that given such prior holdings of this Court, this memorandum opinion should not be designated for publication. *See* TEX.R.APP. P. 47.4.)