IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00040-CR

 

Kevin Lee Chudej,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-187-C

 



Opinion



 








            Kevin Lee Chudej appeals from an order
issued under section 501.014(e) of the Government Code directing the Department
of Criminal Justice to withdraw funds from his inmate trust account for payment
of court costs and fees incurred in connection with his felony conviction.  Because
this is a criminal law matter and because no statute authorizes such an appeal,
we will dismiss the appeal for want of jurisdiction.

            This Court has appellate jurisdiction
in a criminal case only when expressly provided by law.  Kelly v. State,
151 S.W.3d 683, 685 (Tex. App.—Waco 2004, no pet.); see also Rushing v.
State, 85 S.W.3d 283, 285 (Tex. Crim. App. 2002) (right to appeal “is
derived entirely from statute”).  No statute authorizes an appeal from an order
under section 501.014(e).  See Gross v. State, No. 07-06-00489-CR, 2007
WL 2089365, at *2 (Tex. App.—Amarillo July 23, 2007, no pet.); contra
Abdullah v. State, 211 S.W.3d 938 (Tex. App.—Texarkana 2007, no pet.)
(addressing merits of such an appeal).

            Therefore, we dismiss the appeal for
want of jurisdiction.[1]

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Appeal dismissed

Opinion delivered and
filed March 12, 2008

Publish

[CR25]

 









[1]
              Chudej is not necessarily
without a remedy.  See In re Keeling, 227 S.W.3d 391 (Tex. App.—Waco 2007,
orig. proceeding).








n>  See
In re Nabelek, 2007 WL 416396 (Tex. App.—Waco Feb. 7, 2007, orig.
proceeding) (mem. op. on reh’g).

            We deny the petition for writ of
mandamus and the motion for appointment of counsel.

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray concurs with a note)*

Petition
denied; motion for appointment of counsel denied

Opinion
delivered and filed December 5, 2007

[OT06]

 

*
(Chief Justice Gray concurs with a note, but not a separate opinion, as
follows:  “The proof of service reflects that the petition for writ of mandamus
was never served on the real-party-in-interest or the respondent.

 

The
factual allegations in the petition are not sworn to as required.

 

There
is no record as required to support the allegations regarding what motions, if
any, were filed, when they were filed, or whether there was ever a request for
a setting of any motion for hearing, or the matter for trial.

 

A
staff attorney at the Court determined the petitioner was a pauper and could
proceed without the advance payment of cost without my knowledge or
participation in that determination.

 

A
response was requested by a majority of the Court.  I would not have requested
a response until the foregoing problems were resolved.

 

Now,
because we do not have an adequate record, the mandamus is denied.  I would
have preferred to get to this determination in a procedurally proper posture,
without the foregoing issues, but it is the right determination.

 

I
respectfully concur in only the judgment of the Court which denies the petition
for writ of mandamus.  It should have been denied for the foregoing reasons in
August when it was filed.”)

 









[1]               We acknowledge the burden of pro se
inmate litigation, but as long as a suit satisfies Chapter 14 of the Civil
Practice and Remedies Code, our judicial system must function for such
litigation as it does with any other.  In addition to providing litigants with
their “day in court,” such functioning will render unnecessary original
proceedings such as this one.