**Kevin Lee CHUDEJ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–08–00040–CR.**

Court of Appeals of Texas,
Waco.

March 12, 2008.

Rehearing Overruled April 1, 2008.

Kevin Lee Chudej, Ft. Stockton, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

Kevin Lee Chudej appeals from an order issued under section 501.014(e) of the Government Code directing the Department of Criminal Justice to withdraw funds from his inmate trust account for payment of court costs and fees incurred in connection with his felony conviction. Because this is a criminal law matter and because no statute authorizes such an appeal, we will dismiss the appeal for want of jurisdiction.

This Court has appellate jurisdiction in a criminal case only when expressly provided by law. *Kelly v. State,* 151 S.W.3d 683, 685 (Tex.App.-Waco 2004, no pet.); *see also Rushing v. State,* 85 S.W.3d 283, 285 (Tex.Crim.App.2002) (right to appeal "is derived entirely from statute"). No statute authorizes an appeal from an order under section 501.014(e). *See Gross v. State,* No. 07–06–00489–CR, —— S.W.3d ——, ——, 2007 WL 2089365, at *2 (Tex. App.-Amarillo July 23, 2007, no pet.); *contra Abdullah v. State,* 211 S.W.3d 938 (Tex.App.-Texarkana 2007, no pet.) (addressing merits of such an appeal).

Therefore, we dismiss the appeal for want of jurisdiction.[1]

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

At this stage of the proceedings we do not know if this is a criminal or civil proceeding. We do not know that because we do not know what Chudej is complaining about. For that reason, if no other, dismissal for want of jurisdiction is premature. I respectfully dissent.

1. Chudej is not necessarily without a remedy. *See In re Keeling,* 227 S.W.3d 391 (Tex.App.-

Waco 2007, orig. proceeding).

In a series of cases we have disposed of claims raised by prisoners from orders which garnished their trust accounts held by Texas Department of Criminal Justice. *See In re Johnson*, WR–69–327–01 (Tex. Crim.App. *filed* Feb. 4, 2008); *In re Goad*, 243 S.W.3d 858 (Tex.App.-Waco 2008, orig. proceeding) (mem. op.); *Gonzales v. State*, Nos. 10–07–00240–CR and 10–07–00390–CR, 2008 WL 90479, 2008 Tex.App. LEXIS 147 (Tex.App.-Waco Jan. 9, 2008, no pet. h.) (mem. op.); *In re Chudej*, No. 10–07–00339–CR, 2007 WL 4260641, 2007 Tex. App. LEXIS 9524 (Tex.App.-Waco Dec. 5, 2007, orig. proceeding) (mem. op.); *Zink v. State*, 244 S.W.3d 508 (Tex.App.-Waco 2007, no pet.) (mem. op.); *Phillips v. State*, 244 S.W.3d 510 (Tex.App.-Waco 2007, no pet.) (mem. op.); *In re Martinez*, 238 S.W.3d 601 (Tex.App.-Waco 2007, orig. proceeding); *Goad v. State*, No. 10–07–00113–CR, 2007 WL 2994078, 2007 Tex. App. LEXIS 8553 (Tex.App.-Waco Oct. 10, 2007, no pet.) (mem. op.); *In re Jones*, No. 10–07–00035–CR, 2007 WL 2280916, 2007 Tex.App. LEXIS 6376 (Tex.App.-Waco Aug. 8, 2007, orig. proceeding) (mem. op.); *Jones v. State*, No. 10–06–00343–CR, 2007 WL 2280916, 2007 Tex.App. LEXIS 6376 (Tex.App.-Waco Aug. 8, 2007, no pet.) (mem. op.); *Martinez v. State*, No. 10–07–00142–CR, 2007 WL 2200156, 2007 Tex. App. LEXIS 6110 (Tex.App.-Waco Aug. 1, 2007, no pet.) (mem. op.); *In re Keeling*, 227 S.W.3d 391 (Tex.App.-Waco 2007, orig. proceeding); *Crawford v. State*, 226 S.W.3d 688 (Tex.App.-Waco 2007, no pet.); and *Crawford v. State*, No. 10–06–00269–CR, 2006 WL 3759204, 2006 Tex.App. LEXIS 10983 (Tex.App.-Waco Dec. 20, 2006, *withdrawn* Feb. 14, 2007). The order was rendered, I believe in all these cases, by the trial court that rendered the judgment of conviction and sentence. The question I first focused upon was whether this was a judgment nunc pro tunc modifying the amount of cost awarded in the judgment or whether it was a civil matter in the form of an order garnishing the inmate's trust account. Some other issues have been addressed along the way but that is still a question central to the proper analysis and disposition of these complaints. But the primary question remains whether these orders are a nunc pro tunc order modifying a criminal judgment, or simply a garnishment for the amount of court cost, as reflected by a certified bill of cost from the district clerk, including additional information on court cost, specifically cost for an appointed attorney and investigator in some cases,—as awarded to the State and against the defendant. Of course, some of those "cost" were not known at the time of judgment and were only mentioned generically in the original judgment.

Thus, the critical issue we must first address is whether the defendant is complaining about the amount of cost or the procedure by which it is being garnished. These are two distinct complaints an inmate could be making in these proceedings. First, the complaint could be about the amount of cost being assessed. Thus it appears such a complaint would be an attack on the manner in which the amount of cost assessed was determined and made part of the criminal judgment. Second, the complaint could be regarding the manner in which an inmate's account was garnished for the cost as assessed in the inmate's criminal judgment. It appeared to me that this issue would determine the characterization of these proceedings as criminal or civil, as well as determine the forms of appellate review that might be available.

Because a majority of the Tenth Court of Appeals went another direction, this issue was never joined by the parties in this proceeding, or in any of the prior proceedings, and neither briefed nor decid-

ed by the court of appeals. *See In re Keeling*, 227 S.W.3d 391 (Tex.App.-Waco 2007, orig. proceeding).

Based upon what we have as a record in this proceeding, we are, at this time, unable to properly analyze the complaint and, thus, unable to determine the true nature of the proceeding as either criminal or civil; and thus we are currently unable to properly determine what, if any, remedy might be available for judicial review. Because of these inabilities, the disposition of this proceeding is premature, and I respectfully dissent from the dismissal of this proceeding for want of jurisdiction of an appeal of a criminal proceeding.