IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00176-CR

No. 10-08-00177-CR

 

Wayne Allen Stuckey,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court Nos. 03-06-17492-CR
and 03-10-17578-CR

 



memorandum  Opinion



 

In these two appeals, judgments revoking
Appellant’s community supervision were rendered on January 12, 2005. 
Appellant’s notices of appeal in each case were filed on May 21, 2008.  Each
notice states that it is an appeal of the trial court’s April 17, 2008 “Order
Denying Motion to Return Seized Property” regarding the collection of court
costs, fees and/or fines by having them withdrawn from Appellant’s inmate trust
account under Government Code section 501.014(e).  See Tex. Gov’t Code Ann. § 501.014(e)
(Vernon 2004).

            We have held that such an order in a
criminal cause is not an appealable order.  See Zink v. State, 244
S.W.3d 508 (Tex. App.—Waco 2007, no pet.) (holding that appellate court lacked
jurisdiction because order to withdraw money from inmate trust account was not
appealable order); Philips v. State, 244 S.W.3d 510 (Tex. App.—Waco
2007, no pet.) (same); see also Gross v. State, --- S.W.3d ---,
2007 WL 2089365 (Tex. App.—Amarillo July 23, 2007, no pet. h.) (same); Abdullah
v. State, 211 S.W.3d 938 (Tex. App.—Texarkana 2007, no pet.) (treating
appeal of similar order as civil appeal); cf. In re Keeling, 227 S.W.3d
391, 395 (Tex. App.—Waco June 6, 2007, orig. proceeding) (granting mandamus
relief on similar order for payment of court costs out of inmate trust fund
account).  We thus reject Appellant’s assertion that his appeals are civil
appeals.  See, e.g., Abdullah, 211 S.W.3d at 940-43 (treating appeal of
similar order as civil appeal).

We have jurisdiction in a criminal case only when
expressly provided by law.  Kelly v. State, 151 S.W.3d 683, 685 (Tex. App.—Waco 2004, no pet.). 
No statute appears to authorize an appeal from an order denying a
postjudgment motion to return funds acquired by the State under a section
501.014(e) order.  We thus lack jurisdiction.  These appeals are dismissed
for want of jurisdiction.

PER CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeals
dismissed

Opinion
delivered and filed August 6, 2008

Do
not publish

[CR25]






nt-weight:normal'>, Texas,

                                                                      Appellants

 v.

 

John Ray Tullous,

                                                                      Appellee

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court # 03-07-16727-CV

 



MEMORANDUM 
Opinion



 








      This
interlocutory appeal concerns a suit for false imprisonment and other state
claims and for the deprivation of civil rights under Section 1983.  See
42 U.S.C. § 1983 (2000).  Appellants
filed a plea to the jurisdiction.  The trial
court denied the plea.  We will affirm.

      Appellee
contends that we lack jurisdiction over Sheriff Kirk’s appeal.  The Texas Civil Practice and Remedies Code
provides, “A person may appeal from an interlocutory order of a district court
. . . that . . . grants or denies a plea to the
jurisdiction by a governmental unit . . . .”  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004).  Section
51.014 has been interpreted to permit interlocutory appeals by government officials,
including sheriffs.  Cornyn v. Fifty-Two Members of Schoppa Family, 70 S.W.3d 895, 898 (Tex. App.—Amarillo 2001, no pet.); Perry v. Del
 Rio, 53
S.W.3d 818, 822-24 (Tex. App.—Austin), pet.
dism’d, 66 S.W.3d 239 (Tex.
2001); see Nueces County v. Ferguson, 97 S.W.3d 205,
210 n.2 (Tex. App.—Corpus Christi 2002, no pet.).  We have
jurisdiction over Sheriff Kirk’s appeal.

      Appellants
argue that state sovereign immunity bars Appellee’s suit against them.  We will overrule Appellants’ issue.

      If a
trial court has jurisdiction over any part of a suit, then the court does not
err to deny a plea to the jurisdiction.  Aledo Indep. Sch. Dist. v. Choctaw Props., 17
S.W.3d 260, 262 (Tex. App.—Waco 2000, no pet.).

      Defenses
to a Section 1983 claim are governed by federal law, and state law immunity
defenses do not control.  Howlett v. Rose, 496 U.S. 356, 376 (1990); Thomas v. Allen, 837 S.W.2d 631, 632 (Tex. 1992). 
Under federal law, state political subdivisions are persons subject to
suit under Section 1983.  Howlett at 376; see Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 47 (1994); San
 Antonio Indep. Sch. Dist. v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996). 
State sovereign immunity thus does not bar Appellee’s Section 1983
claim.

      Appellants
also argue that Appellee failed to plead facts that established the trial
court’s jurisdiction over his Section 1983 claim.  See County of
Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002). 
Section 1983 provides for a cause of action for the deprivation of
constitutional rights “under color of any . . . custom[] or usage[]
of any State.”  42 U.S.C.
§ 1983.  Appellants argue that
Appellee failed to allege “a policy, practice or custom” that caused his
injuries (citing Monell v. Dep’t of
Social Servs., 436 U.S. 658 (1978)). 
Appellee’s petition alleged, “Defendants, in this case and historically
through course of conduct, have had an ulterior motive or purpose in exercising
. . . illegal, perverted, or improper use of . . .
process.”  Appellee thus alleges injury
under color of state custom.

      Accordingly,
the trial court had jurisdiction over Appellee’s Section 1983 claim.  The trial court did not err in denying the
plea to the jurisdiction.  We overrule
Appellants’ issue.  We affirm.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion
delivered and filed July 7, 2004

 

[CV06]