IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00176-CR

No. 10-08-00177-CR

 

Wayne Allen Stuckey,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court Nos. 03-06-17492-CR
and 03-10-17578-CR

 



memorandum  Opinion



 

In these two appeals, judgments revoking
Appellant’s community supervision were rendered on January 12, 2005. 
Appellant’s notices of appeal in each case were filed on May 21, 2008.  Each
notice states that it is an appeal of the trial court’s April 17, 2008 “Order
Denying Motion to Return Seized Property” regarding the collection of court
costs, fees and/or fines by having them withdrawn from Appellant’s inmate trust
account under Government Code section 501.014(e).  See Tex. Gov’t Code Ann. § 501.014(e)
(Vernon 2004).

            We have held that such an order in a
criminal cause is not an appealable order.  See Zink v. State, 244
S.W.3d 508 (Tex. App.—Waco 2007, no pet.) (holding that appellate court lacked
jurisdiction because order to withdraw money from inmate trust account was not
appealable order); Philips v. State, 244 S.W.3d 510 (Tex. App.—Waco
2007, no pet.) (same); see also Gross v. State, --- S.W.3d ---,
2007 WL 2089365 (Tex. App.—Amarillo July 23, 2007, no pet. h.) (same); Abdullah
v. State, 211 S.W.3d 938 (Tex. App.—Texarkana 2007, no pet.) (treating
appeal of similar order as civil appeal); cf. In re Keeling, 227 S.W.3d
391, 395 (Tex. App.—Waco June 6, 2007, orig. proceeding) (granting mandamus
relief on similar order for payment of court costs out of inmate trust fund
account).  We thus reject Appellant’s assertion that his appeals are civil
appeals.  See, e.g., Abdullah, 211 S.W.3d at 940-43 (treating appeal of
similar order as civil appeal).

We have jurisdiction in a criminal case only when
expressly provided by law.  Kelly v. State, 151 S.W.3d 683, 685 (Tex. App.—Waco 2004, no pet.). 
No statute appears to authorize an appeal from an order denying a
postjudgment motion to return funds acquired by the State under a section
501.014(e) order.  We thus lack jurisdiction.  These appeals are dismissed
for want of jurisdiction.

PER CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeals
dismissed

Opinion
delivered and filed August 6, 2008

Do
not publish

[CR25]