IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00331-CR

 

In
re Steven Frank Goad

 

 



Original Proceeding

 

 



O R D E R



 

            We issued an opinion and a judgment[1]
in this case on January 23, 2008, conditionally granting the requested writ of
mandamus.  In re Goad, 243 S.W.3d 858 (Tex. App.—Waco 2008, orig.
proceeding).  We stated:  “The writ will issue only if Respondent fails to
advise this Court in writing within fourteen days after the date of this
opinion that he has: (1) vacated the two September 6, 2006 orders directing the
Department to withdraw funds from Goad’s inmate trust account; and (2) ordered
the return of any funds withdrawn pursuant to those orders.”  Id. at
859.

            We thereafter held the
issuance of our writ in abeyance because Respondent sought mandamus relief
against our ruling in the Court of Criminal Appeals, which held that the
underlying withdrawal orders were not criminal-law matters and that it thus did
not have jurisdiction.  In re Johnson, 280 S.W.3d 866, 869-70, 874 (Tex.
Crim. App. 2008) (orig. proceeding).  Subsequently, the Texas Supreme Court
decided a similar case and held that such withdrawal orders are “more
substantively civil than criminal.”  Harrell v. State, 286 S.W.3d 315,
319 (Tex. 2009).  That decision also held that the inmate was not
constitutionally entitled to pre-withdrawal notice and that due process was
satisfied.  Id. at 320-21.

            We then asked the parties to
brief the status of our opinion and judgment.  

We find that our plenary power over our
judgment has expired and that we cannot vacate or modify our judgment.  See
Tex. R. App. P. 19.1(a); 19.3. 
Proceedings after our plenary power have expired are governed by Rule 19.3,
which provides:

After its plenary power expires, the
court cannot vacate or modify its judgment.  But the court may:

            (a) correct a clerical error
in its judgment or opinion;

            (b) issue and recall its
mandate as these rules provide;

(c) enforce or suspend enforcement of
its judgment as these rules or applicable law provide;

(d) order or modify the amount and type
of security required to suspend a judgment, and decide the sufficiency of the
sureties, under Rule 24; and

            (e) order its opinion
published in accordance with Rule 47.

 

Tex. R. App. P. 19.3.

            Based on the supreme court’s
decision in Harrell, we suspend enforcement of our judgment and will not
issue the writ in this proceeding.  Tex.
R. App. P. 19.3.

 

                                                                                    PER
CURIAM

 

Before Chief
Justice Gray

and
Justice Davis

(Chief Justice Gray joins none of the
discussion in this order.  He does however agree that the Court will not issue
the writ in this proceeding.)

Order issued and
filed September 30, 2009

Do not publish









[1]
The judgment was incorrectly referred to as an “order.”








te vml 1]>
 
 



From the 54th District Court

McLennan County, Texas

Trial Court # 1998-807-C

 



CONCURRING 
Opinion



 

Richard Reyes has filed additional
pleadings, addressed to the Court of Criminal Appeals, which we will forward to
that Court as a petition for discretionary review.  Tex.
R. App. P. 68.  We are not issuing
an opinion to “correct or modify” our prior opinion dismissing this cause for
want of jurisdiction.  Id. 50. 
Thus, Chief Justice Gray’s dissenting opinion is not issued under Rule
50; rather, he now decides that he does not agree with his own decision in the
original opinion in the case.  In light
of that, I write to further explain the original opinion and why we have no
jurisdiction over this criminal appeal.[1]

Reyes was convicted in 1999 in trial
court cause number 1998-807-C of aggravated assault with a deadly weapon.  We affirmed that judgment under our cause
number 10-99-00226-CR.  Reyes’ petition
for discretionary review was refused.

Although Reyes’s notice of appeal
did not include a copy of the trial court’s order that he now appeals from, he
hand-wrote a copy of the order:

No. 1998-807-C

ORDER [sic]

 

Came
on to be considered on December 1, 2004, that certain document designated by the
defendant as follows:

 

Request for medical records (pro se)

 

And
after review of same, the court is of the opinion that the same should be and
is in all respects DENIED.

 

Signed
on December 1, 2004

 

By
George H. Allen

Judge
Presiding

 

Filed 2004 Dec-1 PM 12:35 Karen C. Matkin
District Clerk McLennan Co. TX

 

Reyes clearly filed his request for
medical records under the trial court cause number for his criminal case in the
54th District Court
 of McLennan
 County, the court which convicted him, and we do not
have jurisdiction to review his appeal of the order denying his request.  The fact that Reyes may have been requesting
his medical records to potentially pursue a Tort Claims Act case is irrelevant,
because he filed his request as a post-conviction motion in his criminal case.  Thus, we dismissed this appeal for want of
jurisdiction.  See Kelly v. State, 151 S.W.3d 683, 685 (Tex. App.—Waco 2004, no pet.).

Reyes’s documents entitled “Petition
for Coram Nobes” and “Motion for Leave to File Application for Writ Mandamus,” addressed
to the Court of Criminal Appeals, could only be asking for a review of our
dismissal opinion.  We must follow appellate
rule 68 and forward the documents to the Court of Criminal Appeals as a
petition for discretionary review.  See Tex.
R. App P. 68.

 

 

BILL VANCE

                                                                   Justice

 

Concurring opinion
delivered and filed May 11, 2005

Publish








 











    [1]       Frankly, it seems improper to dissent two
months later to an opinion one joined when issued.