

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00195-CV
## No. 10-10-00196-CV

**GERARDO BAZALDUA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

## From the 54th District Court
## McLennan County, Texas
## Trial Court Nos. 1997-662-C2 and 1999-420-C2

## DISSENTING OPINION

Bazaldua has invoked this Court's jurisdiction in each appeal by timely filing a notice of appeal. Because the Court dismisses the appeals upon the basis that we lack jurisdiction, I respectfully dissent.

The Court errs in determining the event to which the notice of appeal filing deadline is tied. Further, the Court errs in determining that, if it is tied to the event they have identified, we do not have jurisdiction of the appeal. The Court ties the appellate timetable, in particular the time within which a notice of appeal must be filed, to the

date the trial court signed the notice which advises TDCJ that a judgment has been rendered against Bazaldua. The Court is led into this error because the trial court applied a label to the document identifying it as an order. But as the Texas Supreme Court and this Court have both noted, it is only a notice; not really an order. *Harrell v. State*, 286 S.W.3d 315, 316 fn.1 (Tex. 2009); *Ramirez v. State*, ___ S.W.3d ___, No. 10-10-00157-CV, 2010 Tex. App. LEXIS 3837, *2 (Tex. App.—Waco May 19, 2010, no pet. h.). In reference to its own opinion, the Supreme Court stated: "This opinion uses the term 'withdrawal order' since that is what the trial court entered in this case. However, the controlling statute describes the trigger as 'notification by a court'—something that informs prison officials of an inmate's obligations and directs officials to withdraw funds. *See Tex. Gov't Code Sec*. 501.014.(e)." *Harrell*, 286 S.W.3d at 316 fn.1. Such a notice, though called an "order," is precisely what the trial court signed on January 13, 2010.

The underlying judgments are not in the record before us, but they appear to have been rendered in 1997 and 1999 based on the cause numbers of the underlying proceedings. And if Bazaldua were complaining about the fact that costs had been assessed against him in the judgment and sentence as part of his criminal conviction, that complaint must be made on direct appeal; and the notice of appeal must be filed in relation to the date sentence was imposed in open court. But, except as discussed below, that is not what Bazaldua is complaining about. Bazaldua does not appear to be appealing the fact that costs have been assessed against him as part of his judgment of conviction; rather, he is complaining that the notice the trial court has sent to TDCJ to

put TDCJ on notice of the judgment and the amount to be withdrawn from Bazaldua's inmate account is erroneous because the cost have already been paid, not once but twice.[1]

There is, however, one part or portion of the motion to rescind that could be construed as an attack on the trial court's decision to assess cost against Bazaldua. That portion of the motion is set out below. All emphasis, spelling, and grammar are as presented in the motion.

> Defendant is relying on Texas Code of Criminal Procedure, Article 26.05 to show the Court that these charges were levied upon in violation of this of this statutory procedure. In order to impose attorney or other fees on the Defendant, there must be some factual basis illustrating not only that Defendant is capable of paying an attorney fee, but also that he can pay the fee levied.

> Article 26.05 of the Texas Code of Criminal Procedure provides:
> "If the Court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."

> A fair and plain reading of the statute leads us to conclude that there must be some factual basis illustrating not only that the defendant is capable of paying an attorney's fee but also that he can pay the fee levied. The only data touching upon this topic appears to be the form the defendant completed to secure a court-appointed attorney, and that form shows him to be unemployed and living with a relative. Therefore the Court should recognize that no evidentiary basis exists supporting the

---

[1] *See Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009) ("Harrell is not contesting the convicting court's authority to *assess* cost but its authority to *collect* cost." (emphasis in original)). *See also Chudej v. State*, 255 S.W.3d 273, 273-275 (Tex. App.—Waco 2008, pet. denied) (Gray, C.J., dissenting). While subsequent development of the law in this area has resolved some of the issues discussed in the dissenting opinion in *Chudej*, I believe that the importance of the need to understand the specific nature of the appellant's complaint remains essential to a proper analysis of the issues.

trial court's decision to levy any fees upon the Defendant. For these reasons the Order of the Court should be rescinded and dismissed.

Appellant's Motion to Rescind and Dismiss Order, pp. 1-2, CR at 8-9.

Because the judgments of convictions, sentence, and assessment of cost are not in the record currently available to me, I can only assume those judgments have an assessment in each of court cost against Bazaldua. Further, as is most typical of all trial court judgments, the determination of the actual amount of cost assessed is, at the time the judgment is rendered by the trial court, unknown because the certified bill of cost is not available. It is not available because the trial court clerk normally has not been advised of all the cost to be included in the certified bill of cost. Some expenses which the clerk may ultimately include in a certified bill of cost, such as cost for the motion for new trial, appellate attorney fees, and for the appellate record, have obviously not been incurred at the time the trial court renders a final judgment. Thus, a generic assessment of court cost in the judgment is all that is possible.

So to the extent that Bazaldua's complaint is that there is no evidence in the record to support his ability to pay any cost and therefore, under Texas Code of Criminal Procedure article 26.05, the trial court erred in assessing any cost against him, Bazaldua's complaint is too late. That complaint, if that is what Bazaldua is complaining about, goes to the fact of assessment of cost. *See Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010) (A direct appeal of a criminal conviction in which the court of appeals first affirmed the conviction and then addressed the assessment of cost; and on the State Prosecuting Attorney's petition for discretionary review, the Court of

Criminal Appeals addressed the propriety of the trial court's judgment assessing cost as part of the judgment of conviction.). And as discussed above, because that complaint is about the fact of assessing cost, as opposed to the amount assessed, the notice of appeal would be due within 30 days of the date sentence was imposed in open court, or as extended by a timely filed motion for new trial, to have invested this Court with jurisdiction to review it. But because I am unable to confirm or negate the assumptions described on the partial record available to me, I am unable to conduct a proper review of the Court's jurisdiction of this complaint. This is yet another reason to allow these appeals to proceed on their merits until we are able to conduct a proper review of our jurisdiction and the issues raised by the parties.

But, the Court has simply ignored that the procedure Bazaldua used, a post notice motion to rescind the trial court's notice of judgment sent to TDCJ, is the procedure essentially ratified and approved by the Texas Supreme Court in *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009). The trial court notified TDCJ of the judgments and the amount to be taken from Bazaldua's account on January 13, 2010. Thereafter, Bazaldua filed motions to rescind the notices on April 28, 2010, challenging the amount to be withdrawn. The trial court denied the motions to rescind in separate written orders on May 6, 2010. Bazaldua filed his notices of appeal timely, on May 27, 2010, after the trial court denied Bazaldua's motion in each proceeding to rescind the trial court's notice of judgment which had been sent to TDCJ. *See* TEX. R. APP. P. 26.1.

Thus, Bazaldua is complaining about the procedure which is "substantively akin to a garnishment action or an action to obtain a turnover order," *Harrell*, 286 S.W.3d at

318, used by the State to collect the cost assessed against him in the criminal judgments, and is also complaining about the amount that has been assessed and taken from his inmate account.[2] The notice sent by the trial court to TDCJ is substantively akin to the petition for a writ of garnishment filed in a typical garnishment proceeding and the motion to rescind could be equated to either an answer or a motion to dismiss challenging the issuance of the writ of garnishment for the amount sought. Thus, as in a garnishment proceeding, the opponent does not get to reopen the original case, in this proceeding the criminal conviction, but the person whose money is about to be taken has the opportunity to show that either the procedure being used or the amount to be taken is erroneous. *See Harrell*, 286 S.W.3d at 321.

In this post judgment procedure to collect judgments from inmates, which is being constructed on an ad hoc basis via case law, Bazaldua has utilized the proper process at the trial court level, received an adverse determination on his request from the trial court, and has properly and timely invoked this Court's jurisdiction for a review of the trial court's adverse ruling by filing his notice of appeal within 30 days of the date the order which rejected his challenge to the amount to be taken from his account was signed. *See* TEX. R. APP. P. 26.1. Even if the notices of appeal were not timely for a regular direct appeal, it is beyond question that they were filed in time to

---

[2] Courts, including this one, have frequently referred to these as inmate "trust" accounts. The term "trust" has been removed from their statutory references. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, *amended* by Act of 1999, 76th Leg., ch. 62, §§ 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (Vernon Supp. 2009)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

invoke our jurisdiction as a restricted appeal.  *See* TEX. R. APP. P. 26.1(c).  I would allow the appeals to proceed on the merits.  Because the Court dismisses the appeals upon the basis that we have no jurisdiction, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed September 1, 2010