## Ex parte Michael Gerard McGREGOR.

### No. 05–04–00475–CR.

Court of Appeals of Texas,
Dallas.

Sept. 30, 2004.

Michael Gerard McGregor, pro se.

John R. Roach and M. Emily Johnson–Liu, for The State of Texas.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

Two. Note One is attached to the affidavit as    "Exhibit B."

## OPINION

Opinion by Justice MORRIS.

The trial court convicted Michael Gerard McGregor of sexual assault of a child, an offense subject to registration under chapter 62 of the Texas Code of Criminal Procedure. Appellant filed a petition in the trial court seeking exemption from the registration requirements. The trial court denied appellant's request. Appellant challenges the trial court's ruling in this appeal.

Appellant, representing himself in the appeal, did not file a brief. The State filed a motion to dismiss the appeal, asserting the trial court's order is not appealable. For the following reasons, we agree with the State and dismiss the appeal for want of jurisdiction.[1]

■ In a criminal case, the right to appeal is "a substantive right determined solely within the province of the Legislature." *Sanchez v. State,* 112 S.W.3d 311, 311 (Tex.App.-Corpus Christi 2003, no pet.) (per curiam) (citing *Lyon v. State,* 872 S.W.2d 732, 734 (Tex.Crim.App.1994)); *see also Bayless v. State,* 91 S.W.3d 801, 805 (Tex.Crim.App.2002) ("a defendant's right to appeal is a statutorily created right"); *Basaldua v. State,* 558 S.W.2d 2, 4 (Tex.Crim.App.1977). The code of criminal procedure provides that "[a] defendant in any criminal action has the right to appeal under the rules hereinafter prescribed." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). Generally, a criminal defendant's right to appeal is limited to appeals from final judgments. *See State v. Sellers,* 790 S.W.2d 316, 321 n. 4 (Tex. Crim.App.1990); *Wright v. State,* 969 S.W.2d 588, 589 (Tex.App.-Dallas 1998, no

pet.). Appellate courts do not have jurisdiction over criminal appeals where that jurisdiction has not been expressly granted to them. *See Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991); *Wright,* 969 S.W.2d at 589; *see also Fry v. State,* 112 S.W.3d 611, 613 (Tex.App.-Fort Worth 2003, pet. ref'd).

■ In this case, appellant petitioned the trial court to exempt him from registering as a sex offender under article 62.0105 of the code of criminal procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 62.0105 (Vernon Supp.2004–05). Under that statute, the court having jurisdiction over the case may after a hearing, issue an order exempting the person from registration if it appears by a preponderance of the evidence that the exemption does not threaten public safety and the person's conduct did not occur without the consent of the victim or intended victim. *See* TEX.CODE CRIM. PROC. ANN. art. 62.0105(d). In appellant's case, the trial court held a hearing on appellant's petition and denied it. Appellant is not appealing from the judgment of conviction. Rather, he is appealing the denial of his petition for exemption from the sex offender registration requirements. Nothing in the language of article 62.0105 provides the right to appeal from the trial court's ruling. *See* TEX.CODE CRIM. PROC. ANN. art. 62.0105. Nor have we found any case law permitting such an appeal.

The legislature has granted the right to appeal from orders other than judgments of conviction in certain situations. *See, e.g.,* TEX.CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp.2004–05) (provisions regarding appeal of orders granting and revoking deferred adjudication and community su-

---

1. The trial court's rule 25.2(d) certification states appellant does not have the right to appeal because he entered a plea bargain and he is appealing a collateral consequence of the agreed plea. Because of our disposition of the appeal, we need not address whether the certification's statement is correct.

pervision); TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.2004–05) (State's right to appeal certain matters); TEX.CODE CRIM. PROC. ANN. art. 62.13(g) (Vernon Supp. 2004–05) (State's right to appeal order excusing juvenile from sex offender registration); TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp.2004–05) (right to appeal order regarding post-conviction DNA testing). The fact that the legislature did not include a similar right to appeal in the language of article 62.0105 indicates the legislature did not intend to permit an appeal from a ruling under this statute. *See Rivera v. State,* 89 S.W.3d 55, 58–59 (Tex.Crim.App.2002) (contrasting language of articles 64.03 and 64.04 as evidence of legislative intent); *Gibson v. State,* 995 S.W.2d 693, 697 (Tex.Crim.App.1999) (concluding legislature's failure to include language in penal code section 49.09 that prior DWI offenses be sequential indicated intent that there be no such requirement); *see also Ex parte Burr,* 139 S.W.3d 446, 448 (Tex.App.-Dallas 2004, no pet. h.) (holding no right to appeal trial court's denial of injunctive relief under article 62.07 preventing publication of registered sex offender's address). Because article 62.0105 does not provide appellant a right to appeal the trial court's ruling and we have found no other authority permitting such an appeal, we conclude we do not have jurisdiction to address appellant's complaint.

We dismiss the appeal for want of jurisdiction.