**Regina KELLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–04–00283–CR.

Court of Appeals of Texas,
Waco.

Nov. 3, 2004.

Rebecca Bernhardt, American Civil Liberties Union Foundation, Santa Cruz, CA, for appellant.

John C. Paschall, Robertson County Dist. Atty., Franklin, Douglas M. Becker, Gray & Becker, Austin, Michael W. Dixon, Haley & Davis, P.C., Keith Dorsett, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Regina Kelly filed a motion for disclosure of grand jury proceedings under article 20.02(d) of the Code of Criminal Procedure three years after the trial court granted the State's motion to dismiss its case against Kelly. The trial court denied Kelly's motion, and she filed this appeal. Because this is a criminal law matter and because no statute authorizes such an appeal, we will dismiss this appeal for want of jurisdiction.

Article 20.02 provides in pertinent part that a defendant may file a petition in the district court in which his or her prosecution is pending to obtain the disclosure of information relating to a grand jury proceeding which is otherwise made secret by statute "on a showing by the defendant of a particularized need." TEX.CODE CRIM. PROC. ANN. art. 20.02(d), (e) (Vernon Supp. 2004–2005).

When an issue is raised regarding the disclosure of grand jury information in an appeal from a conviction, the issue is plainly a matter of criminal law governed by the statutes and rules generally applicable to appeals in criminal cases. *See e.g. Bynum v. State,* 767 S.W.2d 769, 781–83 (Tex.Crim.App.1989); *Legate v. State,* 52 S.W.3d 797, 803–04 (Tex.App.-San Antonio 2001, pet. ref'd). The question presented here is whether such an issue becomes a civil law matter if it is pursued after a criminal prosecution has been dismissed.

Kelly contends that this proceeding is "civil in nature" because: (1) the San Antonio Court of Appeals has treated a similar proceeding in this fashion; (2) this proceeding did not arise during the pendency of a criminal prosecution; (3) this proceeding does not "concern the administration of penal justice;" (4) the State has not participated in this proceeding and only "private parties to underlying federal civil litigation" have appeared in opposition to her request for disclosure; and (5) she cannot obtain the relief sought via habeas corpus. Although we agree that some of these statements are true, we do not agree that they state a valid basis for concluding that a post-dismissal request for disclosure of grand jury proceedings under article 20.02 is a civil matter or that this Court has appellate jurisdiction to review the denial of such a request.

Kelly places primary reliance on the decision of the San Antonio Court of Appeals in *In re Grand Jury Proceedings 198.-GJ.20.* 129 S.W.3d 140 (Tex.App.-San Antonio 2003, pet. denied). Kelly is correct that the San Antonio court docketed that appeal as a civil matter and that it too

involved a post-dismissal request for disclosure of grand jury proceedings. However, the court addressed the merits of the appellant's request for disclosure without discussing whether it had jurisdiction to do so. Kelly characterizes the decision as a "*sub silentio* holding that jurisdiction existed."

■ However, this Court cannot imply the existence of its jurisdiction. Rather, this Court has appellate jurisdiction in a criminal case only when expressly provided by law. *See Ex parte McGregor,* 145 S.W.3d 824, 825, 2004 Tex.App. LEXIS 8797, at *2 (Tex.App.-Dallas 2004, no pet. h.); *Sanchez v. State,* 112 S.W.3d 311, 311 (Tex.App.-Corpus Christi 2003, no pet.) (per curiam); *Everett v. State,* 82 S.W.3d 735, 735 (Tex.App.-Waco 2002, pet. dism'd); *see also Rushing v. State,* 85 S.W.3d 283, 285 (Tex.Crim.App.2002) (right to appeal "is derived entirely from statute").

■ Similarly, this Court has appellate jurisdiction in a civil case under "either (1) the general constitutional grant, subject to any restrictions or regulations imposed by the Legislature; or (2) a specific statutory grant of jurisdiction." *Tune v. Tex. Dept. of Pub. Safety,* 23 S.W.3d 358, 361 (Tex. 2000). The "general constitutional grant"[1] of appellate jurisdiction in civil cases is limited to those cases in which the amount in controversy exceeds $100. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997); TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 2004); *Tune,* 23 S.W.3d at 361 & n. 13. Kelly's case does not satisfy the amount-in-controversy requirement. Nor does article 20.02 provide a specific grant of appellate jurisdiction in such cases.[2] *See* TEX.CODE CRIM. PROC. ANN. art. 20.02 (Vernon Supp.2004–2005); *Tune,* 23 S.W.3d at 361.

Kelly contends that this is a civil matter because she did not file her motion for disclosure during the pendency of a criminal prosecution. The Court of Criminal Appeals has rejected similar reasoning in an appeal from the denial of a motion for postconviction DNA testing under Chapter 64 of the Code of Criminal Procedure. *See Kutzner v. State,* 75 S.W.3d 427, 429–31 (Tex.Crim.App.2002).

The State contended in *Kutzner* that the Court of Criminal Appeals did not have appellate jurisdiction because it was not a "criminal case." The State argued that it was not a "criminal case" because the appellant had "not been found guilty of anything and no punishment ha[d] been assessed." *Id.* at 429. The Court rejected this contention, holding that a proceeding under Chapter 64 "is a 'criminal case' because it 'is too closely connected' with the criminal case in which appellant was convicted . . . ." *Id.*

■ Although Kelly's case is not "closely connected" to a conviction, it is

---

1. The "general constitutional grant" of appellate jurisdiction is that found in article V, § 6 of the Texas Constitution. *See Tune v. Tex. Dept. of Pub. Safety,* 23 S.W.3d 358, 361 (Tex. 2000) (citing TEX. CONST. art. V, § 6). Article V, § 6 provides in pertinent part:

   Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

   TEX. CONST. art. V, § 6(a).

2. For these reasons, even if this were considered a civil matter, this Court would not have jurisdiction.

"closely connected" to the criminal case in which she was prosecuted. *Cf. id.* In addition, the longstanding common law and statutory rule that grand jury proceedings are secret is a fundamental component of our system of criminal justice. *See Stern v. State ex rel. Ansel,* 869 S.W.2d 614, 619–23 & nn. 2–7 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (discussing historical underpinnings for secrecy of grand jury proceedings).[3] Accordingly, a motion to disclose grand jury proceedings under article 20.02 is, in our view, a "criminal law matter" which should be addressed as such in an intermediate court of appeals. For the same reason, the Court of Criminal Appeals should be the court of last resort in this state to address issues regarding the disclosure of grand jury proceedings.[4]

Because the secrecy of grand jury proceedings is a fundamental component of our criminal justice system, we expressly reject Kelly's contention that this proceeding does not "concern the administration of penal justice."

Kelly also contends that this is a civil matter because the State has not partici-

pated in this proceeding and only "private parties to underlying federal civil litigation" have appeared in opposition to her request for disclosure. However, the clerk's record reflects that Robertson County (a political subdivision of the State), the district attorney (the attorney representing the State in criminal law matters), and numerous law enforcement officials filed a response in opposition to Kelly's motion to disclose. Thus, the State has participated in this proceeding.

Finally, Kelly contends that this is a civil matter because she cannot obtain the relief sought via habeas corpus. However, appeal and habeas corpus are not the only avenues for relief in criminal law matters.[5] *See e.g. DeLeon v. Aguilar,* 127 S.W.3d 1 (Tex.Crim.App.2004) (orig.proceeding).

■ For the foregoing reasons, we hold that a post-dismissal motion for disclosure of grand jury proceedings under article 20.02 is a criminal law matter.

This Court has jurisdiction in a criminal case only when expressly provided by law. *See McGregor,* 145 S.W.3d at 825, 2004 Tex.App. LEXIS 8797, at *2; *Sanchez,* 112

---

3. Although *Stern* was docketed as a civil appeal, it was an appeal from a jury verdict removing a prosecutor from office for official misconduct (releasing transcripts of grand jury testimony) rather than an appeal from a trial court's denial of a motion for disclosure of grand jury proceedings. *See Stern v. State ex rel. Ansel,* 869 S.W.2d 614, 618 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

4. In fact, our research has disclosed no Texas Supreme Court case addressing the disclosure of grand jury proceedings under article 20.02 or its predecessors. *Cf. U.S. v. Marks,* 949 S.W.2d 320 (Tex.1997) (reviewing propriety of trial court receiving information from federal prosecutor *ex parte* to justify the federal government's assertion that information sought in a deposition under Texas Rule of Civil Procedure 187 was shielded from discovery by Federal Rule of Criminal Procedure 6(e), which governs the secrecy of federal grand

jury proceedings); *State ex rel. Hightower v. Smith,* 671 S.W.2d 32, 35–36 (Tex.1984) (holding in appeal from jury verdict removing sheriff from office for official misconduct that sheriff who was impeached with portions of his grand jury testimony had a right to review any additional portions of the transcript of his testimony which covered the subject matter on which he was impeached, notwithstanding the general "exemption" of grand jury testimony from disclosure); *see also* Tex. Const. art. V, § 3(a) (Supreme Court does not have jurisdiction over "criminal law matters").

5. Even if there were no other legal remedy available, there is no general constitutional right of appeal. *See Lackawanna County Dist. Atty. v. Coss,* 532 U.S. 394, 402–03, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001); *Rushing v. State,* 85 S.W.3d 283, 285 (Tex.Crim.App. 2002).

S.W.3d at 311; *Everett,* 82 S.W.3d at 735; *see also Rushing,* 85 S.W.3d at 285. No statute authorizes an appeal from the denial of a post-dismissal motion for disclosure of grand jury proceedings. Accordingly, we dismiss this appeal for want of jurisdiction.

Chief Justice GRAY concurs.

TOM GRAY, Chief Justice, concurring.

"Yeah, everything that guy just said is [dicta]...." *My Cousin Vinny* (Twentieth Century Fox 1992)(motion picture).

The proceeding was purportedly filed under article 20.02 of the Code of Criminal Procedure. This article provides, in part, that a defendant may file a petition in the district court in which the defendant's prosecution is *pending.* TEX.CODE CRIM. PROC. ANN. art. 20.02(e) (Vernon Supp. 2004–2005)(emphasis added). Because Kelly had no prosecution *pending* in the district court where the proceeding was filed, the trial court had no jurisdiction to rule on the merits of the motion.

When the trial court has no jurisdiction, the proper procedure for the appellate court is to vacate the lower court's judgment and dismiss the proceeding for want of jurisdiction. TEX.R.APP. P. 43.2(e).

Thus, I concur only in the dismissal of this appeal.