Dismissed and Memorandum Opinion filed June 19, 2008








Dismissed
and Memorandum Opinion filed June 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00256-CR

NO. 14-08-00257-CR

 

____________

 

MARK WAYNE LOMAX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
232nd District Court

Harris County, Texas

Trial Court Cause No.
907028

 



 

M E M O R A N D U M   O P I N I O N

Appellant
was convicted of felony murder and sentenced as an habitual offender to
confinement for fifty-five years in the Institutional Division of the Texas
Department of Criminal Justice.  His convictions were affirmed.  See Lomax
v. State, No. 10-03-00156-CR, 2006 WL 871723 (Tex. App.CWaco 2006) (not designated for
publication), aff=d, 233 S.W.3d 302 (Tex. Crim. App. 2007).  








Appellant
is attempting to appeal from the trial court=s February 20, 2008, orders denying
his motions for disclosure of grand jury minutes and for appointed counsel to
represent him in an application for post-conviction habeas corpus.  Appellant
filed pro se notices of appeal on March 24, 2008.  The records in these appeals
reflect that the notices of appeal were mailed on March 18, 2008, within thirty
days of the date of the trial court=s ruling.  See Tex. R. App. P. 9.2(b) (stating mailed
documents are timely filed when mailed on or before due date and received
within ten days).

Generally,
an appellate court has jurisdiction to consider an appeal by a criminal
defendant only when there has been a final judgment of conviction.  Workman
v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v.
State, 915 S.W.2d 160, 161 (Tex. App.CFort Worth 1996, no pet.).  The right
to appeal is statutorily created; where no statute grants a right to appeal
from a particular order, no appeal may be taken.  See, e.g., Wolfe v. State,
120 S.W.3d 368, 370 (Tex. Crim . App. 2003); see generally Tex. Code 
Crim. Proc. Ann. ' 44.02 (Vernon 2006).  These limited exceptions include: (1)
certain appeals while on deferred adjudication community supervision, Kirk
v. State, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the
denial of a motion to reduce bond, Tex.
R. App. P.  31.1; McKown, 915 S.W.2d at 161; and (3) certain
appeals from the denial of habeas corpus relief, Wright v. State, 969
S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.); McKown, 915 S.W.2d at 161.  








The
denial of motions for disclosure of grand jury minutes and for appointment of
counsel are not separately appealable orders.  See Kelly v. State,
151 S.W.3d 683, 687 (Tex. App.CWaco 2004, no pet.) (holding no statute authorizes appeal
from denial of motion for disclosure of grand jury proceedings); Workman,
343 S.W.2d at 447 (stating order denying counsel does not fall within the
categories of appealable interlocutory orders).  Because these appeals do not
fall within the exceptions to the general rule that an appeal may be taken only
from a final judgment of conviction, we have no jurisdiction.  Moreover, this
court lacks jurisdiction over post-conviction habeas proceedings in felony
cases.  See Tex. Code Crim. Proc.
Ann. art. 11.07 ' 3 (Vernon Supp. 2007); Board of Pardons and Paroles ex
rel. Keene v. Eighth Court of Appeals, 910 S.W.2d 481, 483 (Tex. Crim. App.
1995) (jurisdiction to grant post-conviction habeas relief lies exclusively
with court of criminal appeals).

Accordingly, the appeals are ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed June
19, 2008.

Panel consists of Chief Justice Hedges and Justices
Fowler and Boyce. 

Do Not Publish C
Tex. R. App. P. 47.2(b).