# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-19-00275-CR
NO. 03-19-00315-CR

**Guadalupe Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-DC-08-904086, THE HONORABLE KAREN SAGE, JUDGE PRESIDING**

**M E M O R A N D U M   O P I N I O N**

In 2008, appellant Guadalupe Hernandez was convicted of the felony offense of aggravated assault causing serious bodily injury and sentenced to 18 years' imprisonment. On September 25, 2018, Hernandez filed in the court below a petition to disclose the grand-jury proceedings and an application for writ of habeas corpus. On April 10, 2019, the district court denied both the petition and the application with separate written orders, and Hernandez filed a separate notice of appeal from each order.

In appellate cause number 03-19-00275-CR, Hernandez challenges the district court's denial of habeas relief, citing to article V, section 8 of the Texas Constitution and articles 11.01 and 11.05 of the Code of Criminal Procedure. *See* Tex. Const. art. V, § 8; Tex. Code Crim. Proc. arts. 11.01, .05. However, article 11.07 of the Code of Criminal Procedure provides the exclusive procedure by which a person confined as a result of a felony conviction may seek

post-conviction habeas relief. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3(a), 5; *Ex parte Williams*, 239 S.W.3d 859, 861–62 (Tex. App.—Austin 2007, no pet.). Pursuant to article 11.07, only the Court of Criminal Appeals has jurisdiction "to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985). Intermediate courts of appeals have no jurisdiction in such cases. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

In appellate cause number 03-19-00315-CR, Hernandez challenges the district court's denial of his petition to disclose the grand-jury proceedings. This Court has jurisdiction in criminal cases only when the appeal is expressly authorized by law. *See* Tex. Const. art. V, § 6(a); *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008); *Dewalt v. State*, 417 S.W.3d 678, 683 (Tex. App.—Austin 2013, pet. ref'd). There is no law authorizing an appeal from the denial of a petition for disclosure of grand-jury proceedings.[1] *See Kelly v. State*, 151 S.W.3d 683, 686-87 (Tex. App.—Waco 2004, no pet.); *see also Hodges v. State*, No. 03-15-00718-CR, 2017 Tex. App. LEXIS 6357, at *1 (Tex. App.—Austin July 12, 2017, no pet.) (mem. op., not designated for publication).

We lack jurisdiction over either appeal. Accordingly, we dismiss each appeal for want of jurisdiction.

---

[1] In the alternative, to the extent that Hernandez's attempted appeal could be construed as a petition for writ of mandamus, asking that we compel the district court to disclose the grand-jury proceedings, we would deny relief. The statute authorizing the disclosure of information relating to grand-jury proceedings requires "a showing by the defendant of a particularized need" for the information before the trial court may disclose it. *See* Tex. Code Crim. Proc. art. 20.02(d). Hernandez has made no such showing here. *See In re Allen*, 462 S.W.3d 47, 49-50 (Tex. Crim. App. 2015) (discussing mandamus standard of review in criminal cases); *see also In re Yarborough*, No. 06-11-00148-CR, 2011 Tex. App. LEXIS 6442, at *1-2 (Tex. App.—Texarkana Aug. 11, 2011, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief in similar case seeking disclosure of grand-jury minutes).

2

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed:    June 20, 2019

Do Not Publish