# NO. 12-18-00197-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOUGLAS LOVELADY, III,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Douglas Lovelady, III appeals following the trial court's denial of his motion to obtain discovery of the victim's medical records filed pursuant to Texas Rule of Civil Procedure 621a. Appellant's counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss for want of jurisdiction.

## BACKGROUND

Appellant was convicted of capital murder on or about November 20, 1997, and sentenced to imprisonment for life. On June 28, 2018, in the same cause under which he was convicted, Appellant filed a motion to obtain discovery of the victim's medical records pursuant to Texas Rule of Civil Procedure 621a. Specifically, Appellant stated that he sought these records, which were presented in part during the pretrial proceeding before he entered his "guilty" plea.[1] The trial court denied Appellant's motion, and this appeal followed.

---

[1] Although there is a brief reference in the record to "forensic" testing concerning the path of the bullet and gun powder residue, there is no indication, even with the most liberal construction of Appellant's motion, that Appellant sought forensic DNA testing pursuant to Texas Code of Criminal Procedure, Chapter 64. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01–64.05 (West 2018); *see also id.*, art. 11.07(e) (West 2005) (for purpose of considering unresolved facts material to legality of applicant's confinement in writ of habeas corpus, court may order forensic testing, but this testing does not include forensic DNA testing as provided for in Chapter 64).

## JURISDICTION

We first must consider whether we have jurisdiction over this appeal. A court of appeals cannot imply the existence of its jurisdiction. *See Kelly v. State*, 151 S.W.3d 683, 685 (Tex. App.–Waco 2004, no pet.). Rather, we have appellate jurisdiction in a criminal case only when expressly provided by law. *Id.*

The jurisdiction of a court of appeals is established by various constitutional and statutory provisions, but that jurisdiction is not unlimited or absolute. *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.–Austin 1997, no pet.); *Ex parte Lewis*, 663 S.W.2d 153, 154 (Tex. App.–Amarillo 1983, no pet.). Generally, we have jurisdiction in criminal cases only where there has been a judgment of conviction. *See Shumake*, 953 S.W.2d at 844; *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). But we do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by statute. *See Shumake*, 953 S.W.2d at 844 (citing *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)).

In the instant case, the trial court's order from which this appeal arises was not an interlocutory order or a judgment of conviction. Rather, it is an appeal of a denial of a motion filed in the same cause as his underlying conviction more than twenty years following the imposition of sentence. We are not aware of any statute, which confers jurisdiction upon this court to consider such an appeal, and there is no indication in the record that the court of criminal appeals granted Appellant permission to pursue an out of time appeal. Accordingly, we hold that we lack jurisdiction to consider this appeal.

## PLENARY POWER

Even assuming arguendo that we have jurisdiction over this appeal, we would consider whether the trial court had authority to act on Appellant's motion. A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). In general, however, it does not have a duty to rule on "free-floating" motions unrelated to currently pending actions. *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.–Texarkana Apr. 13, 2004, orig. proceeding) (mem. op., not designated for publication). In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case. *Id.*

Generally, in a criminal prosecution, a trial court's plenary power continues "for the first thirty days after sentencing." *Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.–San Antonio 2014, no pet.); *In re State ex rel. Sistrunk*, 142 S.W.3d 497, 503 (Tex. App.–Houston [14th Dist.] 2004, orig. proceeding) (citing TEX. R. APP. P. 21, 22); *accord State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005); *see also Swearingen v. State*, 189 S.W.3d 779, 781 n. 10 (Tex. Crim. App. 2006). During that thirty-day period, the trial court may receive a motion for new trial or a motion in arrest of judgment. *See* TEX. R. APP. P. 21, 22; *Aguilera*, 165 S.W.3d at 697–98; *In re State ex rel. Sistrunk*, 142 S.W.3d at 503.

If it receives such a postjudgment motion, its plenary power is extended up to seventy-five days after sentencing. *See* TEX. R. APP. P. 21.8(a),(c); *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998), *overruled on other grounds*, *Kirk v. State*, 454 S.W.3d 511, 514 (Tex. Crim. App. 2015); *In re State ex rel. Sistrunk*, 142 S.W.3d at 503. If no party timely files a postjudgment motion, the trial court's plenary power expires thirty days after the sentence or appealable order. *See* TEX. R. APP. P. 21.4; *Aguilera*, 165 S.W.3d at 697–98; *Awadelkariem*, 974 S.W.2d at 728; *State v. Dunbar*, 269 S.W.3d 693, 696 (Tex. App.–Beaumont 2008), *aff'd*, 297 S.W.3d 777 (Tex. Crim. App. 2009).

After its plenary power over a cause expires, the trial court generally lacks the authority to take any action in the cause and any action taken is a nullity. *See State v. Garza*, 442 S.W.3d 585, 588 n.3 (Tex. App.–San Antonio 2014, no pet.); *Florance v. State*, 352 S.W.3d 867, 874 n.5 (Tex. App.–Dallas 2011, no pet.); *In re State ex rel. Sistrunk*, 142 S.W.3d at 503; *but see Int'l Fid. Ins. Co. v. State*, No. 14-98-00324-CR, 2000 WL 729384, at *2 (Tex. App.–Houston [14th Dist.] June 8, 2000, pet. ref'd) (op., not designated for publication) (observing that a trial court may act on remand from a higher court even after its own plenary power has expired).

In the instant case, Appellant was sentenced on or about November 20, 1997. As a result, the trial court's plenary power in the underlying cause expired more than twenty years ago. As a result, the trial court lacked authority to consider the substance of Appellant's motion.[2]

---

[2] Because we lack appellate jurisdiction and, even assuming we have jurisdiction, the trial court's order is nugatory, we need not consider the analysis of the original plea proceeding presented by Appellant's counsel pursuant to *Anders v. California* and have not performed an independent evaluation of the record apart from our consideration of the trial court's plenary power. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Because we lack jurisdiction to consider this appeal, we *dismiss* the appeal *for want of jurisdiction*. Appellant's counsel filed a motion to withdraw, which is *granted*.

**GREG NEELEY**
Justice

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-18-00197-CR**

**DOUGLAS LOVELADY, III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court
of Angelina County, Texas (Tr.Ct.No. CR-19413)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*