**DISMISS and Opinion Filed April 8, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01101-CR
### No. 05-19-01102-CR
### No. 05-20-00256-CR
### No. 05-20-00260-CR

## GARY WAYNE BARNES SR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F81-01105-J, F81-01027-J, F81-02518-J**
**& F80-16530-J**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Pedersen, III
Opinion by Chief Justice Burns

Gary Wayne Barnes Sr. was convicted in 1981 of three aggravated rapes (05-19-01101-CR, 05-19-01102-CR & 05-20-00260-CR) and burglary of a habitation (05-20-00256-CR) and sentenced to life in prison for each offense. *Ex parte Barnes*, No. WR-12,658-22, 2018 WL 1835556, *1 (Tex. Crim. App. Apr. 18, 2018). Those convictions were affirmed on direct appeal. *Barnes v. State*, No. 05-81-00639-CR (Tex. App.—Dallas Aug. 31, 1982, no pet.) (not designated for publication).

On August 13, 2019, appellant filed a notice of appeal, referencing DNA testing and the trial court's findings of fact and conclusions of law in trial court cause numbers F81-01105-J and F81-01027-J. The Dallas County District Clerk filed the notice of appeal and forwarded it to this Court where appellant's cases were assigned appellate numbers 05-19-01101-CR and 05-19-01102-CR. Months later, appellant filed a document referring to four trial court cause numbers. Trial court cause numbers F81-02518-J and F80-16530-J were then assigned appellate numbers 05-20-00256-CR and 05-20-00260-CR. Thereafter, the clerk's records were filed in all four cases. After reviewing the clerk's records, we conclude we lack jurisdiction over these appeals.

In a criminal case, the right to appeal is "a substantive right determined solely within the province of the Legislature." *Ex parte McGregor*, 145 S.W.3d 824, 825 (Tex. App.—Dallas 2004, no pet.); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("defendant's right to appeal is a statutorily created right"). The code of criminal procedure provides that "[a] defendant in any criminal action has the right to appeal under the rules hereinafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 44.02. Appellate courts do not have jurisdiction over criminal appeals where that jurisdiction has not been expressly granted to them. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

Generally, a criminal defendant's right to appeal is limited to appeals from final judgments. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *Wright*, 969 S.W.2d at 589. In non-death penalty cases, appellate courts have jurisdiction to consider appeals of unfavorable findings from a Chapter 64 hearing on postconviction forensic DNA testing appeals. *Whitfiled v. State*, 430 S.W.3d 405, 409 (Tex. Crim. App. 2014); *see* TEX. CODE CRIM. PROC. ANN. art. 64.01-.05. However, only the Texas Court of Criminal Appeals possesses "the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3.

In his August 2019 notice of appeal, appellant referenced DNA test results but did not inform the Court that those tests were performed pursuant to appellant's applications for article 11.07 writs of habeas corpus which were pending at the Texas Court of Criminal Appeals. That court's website shows that appellant filed applications for writs of habeas corpus alleging newly discovered evidence of actual innocence on February 28, 2018. In its response, the State recommended that a factual investigation be conducted to determine the merit, if any, of appellant's claims. By order dated April 18, 2018, the court of criminal appeals remanded the cases to the trial court for an evidentiary investigation. The court ordered supplemental transcripts "containing all affidavits and interrogatories, or the

transcription of the court reporter's notes be filed along with the trial court's findings of fact and conclusions of law." The investigation culminated in a hearing before a writ master in the summer of 2019. On August 6, 2019, the trial court made findings of fact and conclusions of law, including that (1) the DNA testing did not yield any exculpatory results and (2) had these results been available during the trial of these offense, it is not reasonably probable that appellant would not have been convicted. Appellant then filed his notice of appeal in this Court.

The DNA testing appellant seeks to appeal was ordered in response to appellant's article 11.07 applications for writ of habeas corpus. Thus, the Texas Court of Criminal Appeals has sole jurisdiction over the matter.

Because we lack jurisdiction, we dismiss these appeals.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191101F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GARY WAYNE BARNES SR.,
Appellant

No. 05-19-01101-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F81-01105-J.
Opinion delivered by Chief Justice
Burns. Justices Myers and Pedersen,
III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered April 8, 2020



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GARY WAYNE BARNES SR.,
Appellant

No. 05-19-01102-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F81-01027-J.
Opinion delivered by Chief Justice
Burns. Justices Myers and Pedersen,
III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered April 8, 2020



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

GARY WAYNE BARNES SR.,
Appellant

No. 05-20-00256-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F81-02518-J.
Opinion delivered by Chief Justice
Burns. Justices Myers and Pedersen,
III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered April 8, 2020



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

GARY WAYNE BARNES SR.,
Appellant

No. 05-20-00260-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F80-16530-J.
Opinion delivered by Chief Justice
Burns. Justices Myers and Pedersen,
III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered April 8, 2020