In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00254-CR
_____

RANDY LYNN RASPBERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 90-06-00640-CR

_____

MEMORANDUM OPINION

In 1991, pursuant to a plea agreement, the then presiding judge of the 359th District Court found Randy Lynn Raspberry guilty of sexual assault, a second-degree felony.[1] Around nineteen-years later, Raspberry filed a petition seeking an exemption in that same court from the sex offender registration requirements of Articles 62.251 and 62.301 of the

_____

[1]Tex. Penal Code Ann. § 22.011(f).

1

Texas Code of Criminal Procedure.[2] We dismiss the appeal because we lack jurisdiction over the appeal.

In a criminal case, the right to appeal is a statutory right that may not be enlarged by the courts.[3] Under the Code of Criminal Procedure, a "a defendant in any criminal action has the right to appeal under the rules hereinafter prescribed."[4] Generally, defendants have the right to appeal from final judgments.[5] Here, Raspberry appeals from a ruling denying his petition asking for an exemption from the registration requirements applicable to convicted sex offenders; he has not appealed from a final judgment. But absent a statute authorizing a defendant to appeal from an order denying a petition seeking an exemption like the exemption Raspberry wanted, there is no legislative grant to the appellate courts of subject-matter jurisdiction over the ruling from which Raspberry appeals.[6]

---

[2]Tex. Code Crim. Proc. Ann. art. 62.251, 62.301.

[3]*Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002).

[4]Tex. Code Crim. Proc. Ann. art. 44.02.

[5]*State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

[6]*Dewalt v. State*, 417 S.W.3d 678, 686 (Tex. App.—Austin 2013, pet. ref'd); *Ex parte McGregor*, 145 S.W.3d 824 (Tex. App.—Dallas 2004); *Phillips v. State*, No. 09-04-414-CR, 2005 WL 857034, at *1 (Tex. App.—

Because no statute provides appellate courts with jurisdiction over the ruling Raspberry appeals, we hold that we lack subject-matter jurisdiction over the trial court's ruling. The appeal is

DISMISSED FOR LACK OF JURISDICTION.

PER CURIAM

Submitted on March 2, 2022
Opinion Delivered August 31, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

Beaumont Apr. 13, 2005, no pet.) (mem op., not designated for publication).